```
              THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

JOSE MERCADO,                      §
                                   §
     Plaintiff,                    §
                                   §
v.                                 § CIVIL ACTION NO. 4:19-cv-1950
                                   §
ALTURKY, LLC dba                   §
AMERICAN GUARDS and AHMED          §
KHALIL IBRAHIM, INDIVIDUALLY,      §
                                   §
     Defendants.                   §
```

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Alturky, LLC dba American Guards (the "Company") provides security and personal protection services.

2. Unfortunately, the Company did not pay its non-exempt employee, Jose Mercado (the "Plaintiff") one and one-half (1½) times his regular hourly rate for hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act.

3. Defendant Ahmed Khalil Ibrahim ("Ibrahim") is the Company's sole officer and/or director. Reference to the Company and Ibrahim is collectively to the "Defendants."

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2018) and 28 U.S.C. § 1331 (2019).

5. The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred. As such, venue is proper in

this district pursuant to 28 U.S.C. § 1391(b)(2019).

## THE PARTIES

6.   The Plaintiff, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

7.   The Company, an enterprise engaged in commerce, is a Texas limited liability company whose charter and privileges to do business were forfeited on or about February 21, 2014, by the Texas Secretary of State based on certification by the Texas Comptroller of Public Accounts indicating there were grounds for such forfeiture.  As such, the Company, is considered a partnership. The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Ibrahim, at 7447 Harwin Drive, Suite 210, Houston, Texas 77036.

8.   Ibrahim has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Ibrahim may be served with process at 7447 Harwin Drive, Suite 210, Houston, Texas 77036.

## BACKGROUND

9.   The Plaintiff was employed by the Company as a security guard since approximately November of 2017.  Although the Plaintiff

typically worked over forty (40) hours each week, the Plaintiff was not compensated for all such hours worked. In addition, in or around May of 2018, the Plaintiff's regular hourly rate of $12.00 per hour began to fluctuate from between $7.25 per hour to $12.00 per hour allegedly based on the amount paid to the Company by the person or entity with whom the Company had contracted with for security services.  As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

    10. No exemption excuses the Company from paying the Plaintiff overtime compensation for all hours worked over forty (40) hours each work week.  Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

    11. Ibrahim, as the Company's owner and operator, has a substantial financial interest in the Company and is directly involved in:

    a.   the hiring and firing of its employees;

    b.   its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c.   its finances; and

    d.    corporate decisions.

12. Pursuant to Section 171.255 of the Texas Tax Code, Ibrahim is also individually liable for the debts of the Company incurred after the Company's corporate privileges were forfeited in the same manner and to the same extent as if he were a partner and the Company was a partnership. Tex. Tax Code §§ 171.255(a) and (b) (2019); See also Haynes v. Gay, 2018 Tex. App. LEXIS 1129 (February 8, 2018) (individual liability for debt of limited liability company).

## CAUSE OF ACTION

### A. Unpaid Overtime Compensation

13. The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half (1½) times his regular rate of pay.

14. As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2019). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

15. No exemption excused the Defendants from paying the Plaintiff one and one-half (1½) times his regular hourly rate for hours worked over forty (40) hours. Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants

knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

16. Accordingly, the Plaintiff is entitled to overtime pay in an amount which is one and one-half (1½) times his regular rate of pay.

17. In addition, the Plaintiff is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

18. Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

<u>PRAYER</u>

WHEREFORE, Plaintiff Jose Mercado requests that this Court award him judgment Defendant Alturky, LLC dba American Guards, and Ahmed Khalil Ibrahim, Individually, for:

a. damages for the full amount of the Plaintiff's unpaid overtime compensation;

b. an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com